## ORMONT v. CLARK.
### No. 430.

United States Emergency Court of Appeals.

Heard at Los Angeles Aug. 18, 1947.

Decided Nov. 10, 1947.

Writ of Certiorari Denied Jan. 19, 1948.

See 68 S.Ct. 387.

Daly B. Robnett, of Los Angeles, Cal. (Benjamin F. Kosdon, of Los Angeles, Cal., on the brief), for complainant.

James A. Durham, of Washington, D. C. (Tom C. Clark, Atty. Gen., and Floyd L. Cook, Charles G. Mulligan and Harry H. Schneider, Attys, Dept. of Justice, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant asserts that he is a slaughterer of cattle and calves with his place of business at Southgate, California. Having been indicted in the United States District Court for the Southern District of California on a charge of violating Revised Maximum Price Regulation No. 148—Dressed Hogs and Wholesale Pork Cuts, Revised Maximum Price Regulation No. 169—Beef and Veal Carcasses and Wholesale Cuts, Revised Maximum Price Regulation No. 239—Lamb and Mutton Carcasses and Wholesale Cuts, Maximum Price Regulation No. 389—Ceiling Prices for Certain Sausage Items at Wholesale, and Maximum Price Regulation No. 398—Variety Meats and Edible By-Products at Wholesale, he obtained leave from that court to file the present complaint under Section 204(e) of the Emergency Price Control Act, 50 U.S. C.A.Appendix, § 924(e). The complainant seeks to have the five regulations and all amendments thereto to June 30, 1946, declared invalid ab initio. The sole ground of invalidity relied upon is that the regulations dealt with agricultural commodities but did not receive the prior written approval of the Secretary of Agriculture as required by Section 3(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 903(e). The respondent has moved to dismiss the complaint. The motion must be granted.

The regulations here under attack did not deal with live animals but solely with the meat and other edible by-products derived from their slaughter. In Superior Packing Co. v. Earl W. Clark, Director, Division of Liquidation, Department of Commerce, 164 F.2d 343, an attack was made by the complainant upon RMPR 169 and MPR 398 identical with that made by the complainant in the present case. In the Superior Packing Company case we have held that although a live steer is an "agricultural commodity" within the meaning of the Emergency Price Control Act, the carcass which is obtained upon its slaughter, as well as the wholesale cuts, retail cuts, brains, kidney, heart, liver and other edible by-products obtained therefrom, are not "agricultural commodities",

but within the meaning of the Act, 50 U.S.C.A.Appendix, § 903(c), are commodities "processed or manufactured in whole or substantial part" from an agricultural commodity, the live steer. The reasons for our ruling are fully stated in our opinion in the Superior Packing Company case and need not be repeated here. Suffice it to say that upon the authority of that case we are compelled to reject the contention of the complainant in the present case that the regulations which he attacks were void because they constituted action taken by the Administrator with respect to "agricultural commodities" without the prior approval of the Secretary of Agriculture, in violation of Section 3(e) of the Act.

A judgment will be entered dismissing the complaint.